IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN R. BALDRIDGE,**

      **Plaintiff,**

**vs.**                                        **No. CIV 04-0312 WDS**

**JO ANNE B. BARNHART, Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on July 21, 2004. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits. The Court, having considered Plaintiff's Motion [docket # 11] and Memorandum Brief [docket # 12], Defendant's Response [docket # 13], Plaintiff's Reply [docket # 14], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

## I.  Background

      Plaintiff, who was born on March 10, 1959, worked in the Navy as an aviation electronics technician. Tr. After retiring from the Navy in 1995, Plaintiff worked in the restaurant business, spent three summers as a commercial fisherman, groomed ski trails at a ski resort, and was employed by a public works department. Tr. 125. Plaintiff filed his initial application for disability insurance benefits ("DIB") under Title II of the Social Security Act on May 7, 2001. Tr. 50-53. Plaintiff alleged that he became unable to work as a result of his disabling conditions on March 26, 2001. After Plaintiff's application was denied at the initial level, Tr. 30, and at the reconsideration level, Tr.

31, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on June 24, 2002.  Tr. 42.

The hearing before the ALJ was held on December 20, 2002, at which Plaintiff appeared and was represented by an attorney. Tr. 28, 359.  Plaintiff alleged that he was disabled primarily as a result of back pain.  Tr. 361.  Plaintiff also has high blood pressure, a skin condition, pain in his right knee, and a history of traumatic cataract.  Tr.  In a decision dated March 17, 2003, Tr. 16-27, the ALJ denied Plaintiff's claim for disability.  Plaintiff then filed a request for review with the Appeals Council on March 20, 2003.  Tr. 14-15.  The Appeals Council denied Plaintiff's request for review on February 4, 2004, Tr. 5-7, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").  *See* 20 C.F.R. §§ 404.981, 416.1481

On March 19, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  [Docket #1]  After consent by the parties, [Docket # 2, #3] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied.  *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner.  *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative

work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 19.  The ALJ found at step two that Plaintiff has severe impairments of lumbar degenerative disc disease, degenerative joint disease of the right knee, polymorphous light eruption/Jessner's disease (hereinafter "skin condition") metatarsalgia[1] and hypertension.  Tr. 20.  The ALJ also found that the Plaintiff had a history of traumatic cataract, but had had lens replacement surgery and had near normal visual acuity and normal visual fields, which did not constitute a "severe" impairment.  Tr. 20.  The ALJ also found that while Plaintiff alleged some depression, the condition was related to his adjustment to his physical problems rather than a true psychiatric disorder, and was not "severe" mental disorder.  Tr. 20.

The ALJ found at step three that Plaintiff's impairments are not severe enough individually or in combination to meet any of the Listings.  Tr. 20.  At step four, the ALJ concluded that Plaintiff retains the RFC to perform sedentary work that does not involve more than occasional postural movements from a sitting position and that would not require more than minimal exposure to vibrations or sunlight.  Tr. 20.  Given this RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work.  Tr. 21.  However, at step five the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform.  Tr. 24.  Plaintiff contends that the ALJ erred at steps four and five.

---

[1]Metatarsalgia is a general term used to denote a painful foot condition in the metatarsal region of the foot (the area just before the toes, more commonly referred to as the ball-of-the-foot).

4

## IV.  Discussion

### 1. Did the ALJ Erroneously Dismiss the Medical Opinions and Assessments Made by Plaintiff's Treating Physicians?

Plaintiff first alleges that the ALJ improperly ignored the opinions of Plaintiff's treating physicians in favor of the opinions offered by non-treating physicians.  Plaintiff's objections are not well taken.  Simply put, no treating physician offered the opinion that Plaintiff was physically incapable of performing any work.  Plaintiff's treating physicians did conclude, for example, that Plaintiff had long-standing, chronic back pain, and they reported that his pain had worsened over the last several years.  Tr. 202-203.  However, such a conclusion was no different than the conclusions reached by examining physicians.  Tr. 189, 231.  None of Plaintiff's treating physicians prepared an RFC Assessment, or described any work related limitations imposed by Plaintiff's back condition or symptoms of pain.  As stated by the ALJ in his opinion, "No treating source has given a medical source statement containing specific limitations that would support a residual functional capacity different from the one I have assessed above."  Tr. 21.  The Court agrees with the ALJ's statement.  To the contrary, the ALJ noted that the Veterans Administration had assigned Plaintiff a 60% disability rating for his lumbar spine.  Tr. 21.  Furthermore, the ALJ noted that during the summers of 1998 through 2000 Plaintiff had worked as a commercial fisherman off the coast of Alaska, which was "extremely strenuous" activity.  Tr. 21, 99.  Accordingly, the fact that Plaintiff's symptoms had "worsened" would not, in and of itself, lead to a conclusion that he was incapable of doing even sedentary work.  The Court finds no significant inconsistency between the reports of treating physicians and the findings of the examining physicians, and therefore rejects Plaintiff's contention that the ALJ improperly "discounted" the opinion of a treating physician under *Goatcher v. U.S.*

*Dep't of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995).  The ALJ properly evaluated the medical evidence of record.

## 2.  Did the ALJ Commit Error By Making
## Unfavorable Determinations of the Plaintiff's Credibility?

Plaintiff alleges that the ALJ committed error by finding Plaintiff's subjective complaints of pain and disability to be not fully credible.  Plaintiff alleges that the ALJ's credibility finding was not substantiated as required by relevant case law.  (Plt Br. p. 9)  Plaintiff's objections are not well taken. A two-part inquiry applies in assessing functional limitations that result from pain.  First, the ALJ need not even consider the claimant's subjective pain testimony unless the claimant proves by objective medical evidence that he or she has an impairment that could reasonably be expected to produce pain.  *Thompson v. Sullivan,* 987 F.2d 1482, 1488 (10th Cir. 1993)(citing *Luna v. Bowen,* 834 F.2d 161, 163 (10th Cir. 1987)).  Second, where a claimant has established by objective medical evidence that he has an impairment that could reasonably be expected to produce pain, the ALJ must consider all of the evidence to decide whether he believes the claimant's allegations about the functional limitations that result from the pain.  *See* 20 C.F.R. §404.1529; *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995).  At step one in this instance, the ALJ accepted the objective medical evidence that Plaintiff had an impairment that could reasonably be expected to produce pain.  At step two the ALJ obviously believed that Plaintiff had both pain and substantial functional limitations resulting from that pain, as evidenced by the RFC finding that limits Plaintiff to sedentary work.  The ALJ accepted Plaintiff's testimony to a certain extent, just not to the extent that Plaintiff would have preferred.

The court finds that  there is substantial evidence to support the ALJ's step two determination

that Plaintiff's testimony about his functional limitations was not fully credible.  As noted above, the medical evidence of record, in its entirety, did not support a finding that Plaintiff was so limited by pain that he could do no work whatsoever.  Despite Plaintiff's longstanding complaints of severe pain, there was no medical evidence of muscular atrophy or abnormal gait.  Tr. 20.

The ALJ found that Plaintiff's subjective complaints "somewhat exceed" the objective medical findings.  Tr. 21.  The ALJ noted that Plaintiff's testimony "seemed overly careful to the point of giving the appearance of being hedged or rehearsed at times."  Tr. 21.  Such an observation is "peculiarly the province of the finder of fact."  *Diaz v. Sec. of Health & Hum. Serv.*, 898 F.2d 774, 777 (10th Cir. 1990).  While Plaintiff correctly points out that Plaintiff's daily activities were not extensive, this is not a case where the ALJ found the Plaintiff to have no work limitations whatsoever. To the contrary, the ALJ limited Plaintiff's RFC to sedentary work with some postural limitations. Plaintiff's testimony that he walked a large dog daily, and could drive longer distances with occasional stops is not inconsistent with such an RFC.

Furthermore, the ALJ pointed out that Plaintiff had performed extremely strenuous work, albeit with pain, until a short time before filing for disability.  The ALJ, while evidently accepting Plaintiff's contention that he could no longer meet the physical demands of commercial fishing, noted that Plaintiff had presented no evidence, medical or otherwise, to explain the purported total deterioration of his ability to work in such a short period of time.  Tr. 21.  However, the Court notes the following colloquy at the evidentiary hearing:

Q:     I guess what I'm looking for is some sort of explanation as how, how you go from those kind of jobs down to less than zero in like years?

A:     Well, it's --I mean it's been--it's just been a long time process that I've

7

been going through.  You know I've, you know I've got to have some income coming

in.  And I couldn't stop working, and those are the, you know.  Living in Red River

now, you know, I mean.  There's nothing but, you know, it's cities about the best

paying job there in town.

    Q:    Yeah.

    A:    Everything else, you know, you're, you're working minimum wage.

Tr. 398.

A fair inference from Plaintiff's statement is that while he was willing to work with pain for

the substantial compensation associated with an industry such as commercial fishing, he was not

willing to do so for a sedentary, minimum wage job.  However, the fact that sedentary jobs,

particularly in small resort towns like Red River, New Mexico, are likely to be minimum wage jobs

is not relevant in the analysis at hand, which is whether the Plaintiff is physically capable of

performing the work.

The Court finds that there is substantial evidence to support the ALJ's conclusion that

Plaintiff's subjective complaints of pain and fatigue were not fully credible, and did not justify a

finding that Plaintiff is disabled.  It is, of course, fully within the discretion of the ALJ to accept all,

part, or none of the testimony of a claimant:

> In making a finding about the credibility of an individual's statements, the adjudicator
> need not totally accept or totally reject the individual's statements. Based on a
> consideration of all of the evidence in the case record,  the adjudicator may find all,
> only some, or none of an individual's allegations to be credible. The adjudicator may
> also find an individual's statements, such as statements about the extent of functional
> limitations or restrictions due to pain or other symptoms, to be credible to a certain
> degree.

- SSR-96-7p. Accordingly, the Court finds that Plaintiff's objections to the ALJ's credibility

determination are not well taken.

### 3.  Did the ALJ Commit Error By Applying the Medical Vocational Guidelines When the Plaintiff Has Substantial Non-Exertional Impairments?

Notwithstanding that a Vocational Expert was present at the hearing of this matter, the ALJ elected not to take testimony from the VE.  The ALJ noted that Grid rule 201.28 would direct a mandatory decision of "not disabled" if the Plaintiff were capable of a full range of sedentary work. Tr. 22.  Instead, the ALJ used the rule as a framework for his decision, finding that neither Plaintiff's postural nor environmental limitations "significantly eroded" the occupational base of sedentary occupations.  Tr. 22.  Plaintiff claims that testimony of a VE was necessary, as Plaintiff's non-exertional limitations were significant enough to prevent application of the grids.

The ALJ's RFC determination called for sedentary work activity that does not involve more than occasional postural movements from a sitting position and that would not require more than minimal exposure to vibrations or sunlight.  Had the ALJ determined that Plaintiff had significant limitations in both sitting and standing, the testimony of a VE would have been required.  *Soliz v. Chater*, 82 F.3d 373 (10th Cir. 1996); *Cavitt v. Schwelker*, 704 F.2d 1193 (10th Cir. 1983)(grids did not apply even as a framework where claimant could not sit more than two hours or stand more than one hour).  However, no such sitting/standing limitations were found in this instance.  Plaintiff's RFC assessments, as adopted by the ALJ, provided that Plaintiff could sit for about six hours in an eight hour day.  Tr. 189, 231.  A further limitation of work that does not involve more than occasional postural movements, such as stooping, does not significantly erode the occupational base of sedentary employment.  If a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact.  SSR 85-15.  Similarly,

where most sedentary work is going to be done indoors, the vibration and sunlight limitations imposed by the ALJ do not significantly limit the number of sedentary jobs available to the Plaintiff. SSR 83-14.

Considering the ALJ's credibility determination and the medical evidence, there is substantial evidence to support the conclusion that Plaintiff did not experience any nonexertional limitations which would have significantly reduced the number of sedentary jobs he was otherwise capable of performing.  The Court finds that the ALJ's application of the grids was proper in this case.

## V.  Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #11] is **DENIED,** and this matter shall be dismissed with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**